E-FILED
Thursday, 03 November, 2016  04:02:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LINDA STEIL, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) 3:16-cv-03300 ) ) |
| v. | ) ) |
| XEROX EDUCATIONAL SERVICES, LLC, d/b/a ACS EDUCATIONAL SERVICES, a Delaware limited liability company, | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

NOW COMES the Plaintiff, LINDA STEIL, by and through her attorneys, SMITHMARCO, P.C., and PHILIPPS & PHILIPPS, LTD., suing on behalf of herself and all other similarly situated, and for her complaint against the Defendant, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. LINDA STEIL, (hereinafter, "Plaintiff") is an individual who was a resident of Bloomington, Illinois, who now lives in the State of New Hampshire.

5. The debt at issue in this matter was allegedly owed by Plaintiff to Illinois Wesleyan University (hereinafter, "the Debt") for her personal educational expenses.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. XEROX EDUCATIONAL SERVICES, LLC, d/b/a ACS EDUCATION SERVICES, (hereinafter, "Defendant") is a Delaware limited liability complaint, engaged in the nationwide collection of delinquent consumer debt.

8. Defendant is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, see, attached Exhibit A.  In fact, Defendant conducts business in Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. The aforesaid alleged Debt was incurred when Plaintiff attended school at Illinois Wesleyan University ("Illinois Wesleyan"), in the City of Bloomington, in the state of Illinois from 1988 to 1993.

15. Any and all records of Plaintiff's attendance at Illinois Wesleyan would be located at the school in Bloomington, Illinois.

16. Plaintiff avers she does not owe this debt and any and all debts owed to Illinois Wesleyan and/or any lender related to her attendance at Illinois Wesleyan were paid in full. Plaintiff avers that the last payment activity of any kind on this account occurred in excess of ten years ago. Due to the length of time with which this account was last paid Plaintiff maintains no records of the payments. However, any such record would exist at Illinois Wesleyan in Bloomington.

17. Any and all information that gave rise to the debt, or lack thereof, would be located in or near Bloomington, Illinois.

## IV.    PLAINTIFF'S ALLEGATIONS

18. On or about September 30, 2016, Defendant wrote and mailed to Plaintiff a letter (hereinafter, "the Letter") that attempted to coerce Plaintiff into paying the alleged debt. A copy of this Letter is attached as Exhibit B.

19. Plaintiff avers that the debt has been paid and is not owed, and if there was any balance owed, Plaintiff had not made any payment towards this debt for in excess of ten (10) years.

20. The Letter stated, *inter alia*, "**As required by law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**"

21. Defendant's statement, as delineated in the previous paragraph, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then Defendant would report the debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

22. Based on Defendant's representations, as delineated above, Plaintiff believed that if she did not pay the Debt, Defendant would report the debt to one or more consumer reporting agencies.

23. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, then the debt would appear on Plaintiff's credit report.

24. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt, the non-payment of said debt would have a detrimental effect on Plaintiff's credit score.

25. These above concerns of the Plaintiff represent a concrete harm to Plaintiff.

26. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

27. At the time Defendant made the aforementioned representations, i.e., that it would report the Debt to the credit reporting agencies, the account relative to the debt on which Defendant was attempting to collect antedated the applicable reporting period by more than seven (7) years.

28. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies,

4

the Debt would not appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

29. Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, said information would be unlikely to appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

30. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt as Defendant implied that the Debt would appear on Plaintiff's credit report and have a detrimental effect on Plaintiff's credit score when in fact, the consumer reporting agencies would be precluded from reporting said debt pursuant to §1681c(a)(4) of the FCRA.

31. Defendant's representations, as delineated above, were unfair and unconscionable as the threat to report the Debt to the consumer reporting agencies was a hollow threat made only to intimidate Plaintiff into making payment against said debt.

32. At the time Defendant made the representations regarding the reporting of the Debt to the consumer reporting agencies, Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies.

33. At all times relevant hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the scope and course of their employment and under the direct supervision and control of Defendant.

## V. CLASS ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of a class of all persons similarly situated, from whom Defendant attempted to collect a consumer debt that was obsolete from reporting under the Fair Credit Reporting Act, 15 U.S.C. § 1681c(a)(5), via the same form collection letter (Exhibit B) that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

35. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent debts from other consumers.

36. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has sent the Letter to more than 35 consumers. Given that the aforementioned Letter is a standard form letter sent to myriad consumers, there exists a presumption of numerosity.

37. There are questions of law and fact common the Class that predominate over any questions affecting only individual Class members. The principal question at issue is whether Defendant violated the FDCPA by mailing the Letter, or other communications substantially in the form of the Letter, to Class members during the applicable time period as alleged.

38. Plaintiff's claims is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

39. There are no individual questions of fact, other than whether a Class member received one of the offending letters, which can be determined by a ministerial inspection of Defendant's records.

40. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experience in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

41. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of the Class' claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from the original creditor's records.

43. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### VII.   DEFENDANT'S VIOLATIONS OF THE FDCPA

44. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

45. The Letter sent by Defendant to Plaintiff is a "communication" relating to a "debt" as those terms are defined by 15 U.S.C. §1692a(2) and §1692a(5).

46. By threatening to report a stale Debt to the consumer reporting agencies, when Defendant had neither the intent nor the authority to report said debt to the consumer reporting agencies, Defendant, in its attempt to collect the debt allegedly owed by Plaintiff via the Letter, violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff and Class members for actual and statutory damages, and attorneys' fees and costs.

## VIII.   JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all issues so triable.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LINDA STEIL, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    The maximum permissible amount of statutory damages;

    c.    Attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**LINDA STEIL**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Larry P. Smith (Atty. No.: 6217162)
David M. Marco (Atty. No,: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:   lsmith@smithmarco.com
        dmarco@smithmarco.com

David J. Philipps     (Ill.Bar.No. 06196285)
Mary E. Philipps     (Ill.Bar.No. 06197113)
PHILIPPS & PHILIPPS, LTD.
9760 S. Roberts Rd. Suite One,
Palos Hills, IL 60465
Telephone:   (708)-974-2900
Facsimile:   (708)-974-2907
E-Mail:   davephilipps@aol.com
        mephilipps@aol.com